# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 5, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * *
HEATHER CARSON, parent of Z.C.,      *
a minor,                             *
                                     *
              Petitioner,            *     No. 20-1059V
                                     *
v.                                   *     Special Master Young
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Felicia Langel*, United States Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

On August 21, 2020, Heather Carson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] on behalf of her minor child, Z.C. 42 U.S.C. §§ 300aa-10 to -34 (201); Pet. at 1, ECF No. 1. Petitioner alleged that the diphtheria, tetanus, acellular pertussis ("DTaP"), hepatitis B, inactivated polio ("IPV"), and pneumococcal conjugate ("PVC") vaccines Z.C. received on August 28, 2017, resulted in Z.C. developing alopecia. Pet. at 1. Petitioner further alleged that she experienced the residual effects of her injury for more than six months. Stipulation at 1, ECF No. 53.

On August 4, 2025, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Stipulation at ¶ 7. Respondent "denies that Z.C.'s alleged injury or its residual effects were caused-in-fact by the DTaP, Hep B, IPV, and PVC

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

vaccines; denies that the DTaP, Hep B, IPV, and PCV vaccines caused any other injury or condition; and denies that Z.C.'s current condition is a sequela of a vaccine-related injury." *Id.* at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. *Id.* at ¶ 7. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $120,000.00 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner as guardian/conservator of Z.C.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at ¶ 8.

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young<br>
Herbrina D. S. Young<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HEATHER CARSON, parent of Z.C., a minor,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-1059V<br>Special Master Young<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Heather Carson ("petitioner"), parent of Z.C., a minor, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Z.C.'s receipt of diphtheria, tetanus, acellular pertussis ("DTaP"), hepatitis B ("Hep B"), inactivated polio ("IPV"), and pneumococcal conjugate ("PCV") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2. Z.C. received the DTaP, Hep B, IPV, and PCV vaccines on August 28, 2017.

3. The vaccines were administered within the United States.

4. Petitioner alleges that Z.C. suffered alopecia that was caused-in-fact by the DTaP, Hep B, IPV, and PCV vaccines. Petitioner further alleges that Z.C. suffered the residual effects of her alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Z.C.'s behalf as a result of the alleged injury.

6. Respondent denies that Z.C.'s alleged injury or its residual effects were caused-in-fact by the DTaP, Hep B, IPV, and PCV vaccines; denies that the DTaP, Hep B, IPV, and PCV vaccines caused any other injury or condition; and denies that Z.C.'s current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of **$120,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of Z.C.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Z.C. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Z.C.'s estate under the laws of the State of Missouri. Respondent will not make any payment pursuant to this Stipulation until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Z.C.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of Z.C.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be disbursed to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Z.C. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of Missouri after Z.C. has attained the age of majority, any such payment shall be paid to Z.C. upon submission of written documentation of the termination of guardianship to the Secretary.

3

14. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as a legal representative of Z.C., on behalf of petitioner, Z.C., and Z.C.'s heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions, or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Z.C. resulting from, or alleged to have resulted from, the DTaP, Hep B, IPV, and PCV vaccines administered on August 28, 2017, as alleged in a petition for vaccine compensation filed on or about August 21, 2020, in the United States Court of Federal Claims as petition No. 20-1059V.

15. If Z.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

4

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, Hep B, IPV, and PCV vaccines caused Z.C.'s alleged injury or any other injury or condition; or that Z.C.'s current condition is a sequela of a vaccine-related injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Z.C.

**END OF STIPULATION**

/
/
/

Respectfully submitted,

PETITIONER:

*[signature: Heather Carson]*
HEATHER CARSON, parent of Z.C.,
a minor

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature: Ronald C. Homer by Meredith Daniels, Rule 83.1(c)(2)]*
RONALD C. HOMER
CONWAY HOMER, P.C.
165 Shawmut Street
Boston, MA 02116
cciampolillo@ccandh.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.07.22 13:24:16 -04'00'
for
CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature: Heather L. Pearlman]*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
FELICIA D. LANGEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 451-7659
felicia.d.langel@usdoj.gov

Dated: 8/4/25

6